## Patterson Belknap Webb & Tyler LLP v Marcus & Cinelli LLP

2025 NY Slip Op 31601(U)

May 1, 2025

Supreme Court, New York County

Docket Number: Index No. 652711/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARLENE P. BLUTH**                  PART                        14

*Justice*

-----------------------------------------------------------------------------X

PATTERSON BELKNAP WEBB & TYLER LLP,                    INDEX NO.          652711/2022

Plaintiff,                           MOTION DATE          N/A

- v -                                      MOTION SEQ. NO.          017

MARCUS & CINELLI LLP, DAVID P. MARCUS, BRIAN L.
CINELLI, JOHN DOES                                     **DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 017) 363, 364, 365, 366, 367, 368, 369, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 399, 400, 401, 402, 404, 413

were read on this motion to/for                        DISCOVERY                        .


After reviewing the documents submitted by defendants Marcus & Cinelli LLP and

David P. Marcus (the "Moving Defendants"), the Court finds that plaintiff is entitled to receive

certain documents as described below.

**Background**

Plaintiff obtained a judgment in 2013 against non-party Barbara Stewart (Moving

Defendants' former client) for over $2 million arising out of past legal services and served her

with a restraining notice in 2013. That restraining notice prohibited her from selling or

transferring any property until the judgment was satisfied. Plaintiff claims that it also sent

defendants, lawyers who were then representing Mrs. Stewart, a copy of the restraining notice by

email in 2014. Plaintiff has not received a single payment and the judgment now exceeds $3

million (as interest has accrued).

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 1 of 7**
**Motion No.  017**

1 of 7

Plaintiff alleges that Stewart was also getting divorced at the same time and the divorce court found that she made misrepresentations about giving away jewelry and disclosing her offshore accounts. Plaintiff took a post-judgment deposition of Ms. Stewart where she testified that that she didn't have any jewelry and that her former daughter-in-law had taken a diamond ring. It contends that these statements were wholly untrue.

Plaintiff alleges that defendants, and specifically defendant Marcus, had actual knowledge about the plaintiff's judgment and the restraining notice and nevertheless organized and facilitated the sale of Mrs. Stewart's 24.79 carat diamond ring in 2016. Not only did he arrange to sell it, but Marcus chose to do a private sale (which the auction house purportedly advised would get much less money than a public sale); the private sale yielded $2.375 million. Plaintiff insists defendants paid off some of Mrs. Stewart's debts (including unpaid legal fees owed to defendants and others) and then deposited the remaining funds (about $1.74 million) into an IOLA and escrow account for Mrs. Stewart. It contends that defendants used the funds to make sporadic payments on Mrs. Stewart's behalf, including additional payments to defendants themselves.

In NYSCEF Doc. No. 413, this Court agreed to review documents in-camera as requested by the Moving Defendants. They requested that the Court take a look prior to any disclosure to plaintiff as they claimed that these records were subject to the attorney-client privilege and they also wanted to avoid any ethical issues arising out of the disclosure of such records. Moving Defendants also requested that the Court confirm that these records are privileged and need not be turned over.

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 2 of 7**
**Motion No.  017**

2 of 7

Plaintiff cross-moved to compel disclosure of these records under the wrongful-act doctrine and on the ground that some of the documents were primarily commercial in nature as opposed to comprising legal advice.

**Discussion**

The central issue on this motion is whether there is an exception to the attorney-client privilege that might compel the production of the documents requested by plaintiff and contained in the privilege log at issue in this motion. Every single document in dispute is claimed to be subject to that privilege (many documents involve communications between Moving Defendants and their former client, Mrs. Stewart). That is, this Court was not asked to opine about the relevance of any of these documents, only whether the attorney client privilege applied and, if so, whether some exception to that privilege required disclosure.

The Court observes that there was a considerable amount of unnecessary confusion regarding the specific privilege log in dispute. Plaintiff attaches two privilege logs it received from Moving Defendants in this motion sequence: a privilege log from February 2025 and another one from September 2024(NYSCEF Doc. Nos. 386 and 387). Plaintiff observes that the February 2025 log omits certain entries that were included in the September 2024 privilege log. As the physical copy the Court received appears to be the September 2024 privilege log, that is the one the Court will reference throughout this decision.[1]

The exception to the attorney-client privilege in dispute here is the crime-fraud exception. "The crime-fraud exception encompasses a fraudulent scheme, an alleged breach of fiduciary

---

[1] Adding to the confusion is the lack of any organizational principle for the documents sent to the Court. In fact, is not readily apparent how they were organized—for instance, they were not sorted by date. That only added to the difficulty in sorting through these records.

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**          **Page 3 of 7**
**Motion No.  017**

3 of 7

[* 3]

duty or an accusation of some other wrongful conduct. Advice in furtherance of a fraudulent or unlawful goal cannot be considered sound. Rather advice in furtherance of such goals is socially perverse, and the client's communications seeking such advice are not worthy of protection. A party seeking to invoke the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime" (*In re New York City Asbestos Litig.*, 109 AD3d 7, 10-11, 966 NYS2d 420 [1st Dept 2013] [internal quotations and citations omitted]). In other words, the privilege cannot be used to shield wrongful conduct or to further an unlawful goal.

Here, plaintiff contends that the privilege cannot be invoked to shield efforts by the Moving Defendants and Mrs. Stewart to hide her assets in order to avoid plaintiff's judgment against Mrs. Stewart. As an initial observation, the Court agrees with plaintiff's view that such communications would justify the application of the crime-fraud exception. That is, a client cannot use his or her attorney to get rid of assets while possessing actual knowledge that she owes a multi-million-dollar judgment. To be sure, as this Court has observed earlier in this litigation, a judgment debtor is assuredly entitled to seek legal advice protected by the attorney-client privilege in connection with challenging the judgment or negotiating with the judgment creditor. But the privilege was not intended to serve as a cloak for a judgment debtor to dispose of assets while subject to a restraining notice.

A brief timeline and reminder of the key events is necessary before the Court delves into its analysis of the application to the records at issue here. Plaintiff obtained a judgment against non-party Barbara Stewart on July 22, 2013 for over $2 million. It sent a restraining notice to Mrs. Stewart on August 5, 2013 (NYSCEF Doc. No. 313). Plaintiff also attached an email dated

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 4 of 7**
**Motion No.  017**

4 of 7

[* 4]

May 9, 2014 that it sent to defendant Marcus that attached the aforementioned restraining notice (NYSCEF Doc. No. 310). And the 24.79 carat diamond ring was sold, with the help of Moving Defendants, in July 2016.

Based on these events, the Court observes that the Moving Defendants clearly knew about the restraining notice and plaintiff's judgment, at the latest, in 2014. In fact, the May 9, 2014 email suggests that the parties had discussed plaintiff's judgment prior to that communication (*id.*). Therefore, the communications submitted for in-camera review about Mrs. Stewart's assets, the ring, the sale of the ring and plaintiff's judgment (as well as plaintiff's efforts to satisfy its judgment) would all fall under the crime-fraud exception as they were for the purpose of frustrating plaintiff's efforts to satisfy its judgment.

Plaintiff makes specific requests for documents that it claims are not privileged because of the crime-fraud doctrine. These include entries[2] 1–2, 10–12, 15–23, 27–29, 31–32, 34, 37–59, 61–78, 80– 95, and 97–116 on the September 2024 privilege log. After reviewing the records, the Court agrees that these entries/tabs fall under the aforementioned exception. The Court adds entry/tab number 4 and 36 as these also fall under the crime-fraud exception to the attorney-client privilege.

Plaintiff also insists that other items are not privileged and, instead, are predominantly commercial in nature. These include entries/tabs 3, 5, 7, 9–19, 23–28, 31–33, 35, 41, 46–49, 57, 60–65, 67–68, and 70–81. After review, the Court agrees that these are mostly commercial in nature as they, generally, discuss various asset issues involving Mrs. Stewart as opposed to a request for legal advice. To the extent that there is overlap between these two, the Court finds

---

[2] The Court's references to entries are synonymous to the tabs in the binder submitted by the Moving Defendants.

652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL          Page 5 of 7
Motion No.  017

5 of 7

[* 5]

that these records are primarily commercial in nature and, if the privilege does apply, then the crime fraud exception justifies their production.

**Summary**

This Court's decision is limited to the procedural posture before it. Moving Defendants demanded that this Court review certain documents for the application of the attorney-client privilege. That is, Moving Defendants did not assert that any of the documents here should be withheld because they are irrelevant or some other objection and so this Court's analysis concerns only the attorney-client privilege. As noted above, the following entries/tabs fall under the crime/fraud exception to the attorney client privilege: 1–2, 10–12, 15–23, 27–29, 31–32, 34, 37–59, 61–78, 80– 95, and 97–116 plus tab numbers 4 and 36. And the following entries are also predominantly commercial in nature: 3, 5, 7, 9–19, 23–28, 31–33, 35, 41, 46–49, 57, 60–65, 67– 68, and 70–81. Plaintiff is entitled to these documents.

To facilitate an efficient disclosure, plaintiff may pick up the Court's copy of these records from the Court (in the courtroom) on May 8, 2025. The Court will remove the items that are being withheld (tabs 6, 8, and 96; although tab 30 suggests that it was already produced, the Court will hand it over as a duplicate). Given the confusion cited above concerning the applicable privilege log, and the haphazard way the documents were arranged, the Court finds that the best way to ensure that plaintiff gets the precise documents the Court has determined should be disclosed is to pick up the Court's copy rather than to have Moving Defendants create another binder (or electronic copy) of the records.

Accordingly, it is hereby

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**          **Page 6 of 7**
   **Motion No.  017**

6 of 7

[* 6]

ORDERED that the branch of defendants Marcus & Cinelli LLP and David P. Marcus' motion is granted to the extent that the Court performed an in-camera review of the subject documents and denied with respect to the remaining relief requested; and it is further

ORDERED that plaintiff's cross-motion is granted only to the extent that is entitled to receive the entries/tabs as described above. Plaintiff may pick up the Court's copy of the materials from the part clerk on May 8, 2025.

The oral argument for motion sequence 018 will take place on May 14, 2025 at 10 a.m. via Microsoft Teams.

| **5/1/2025** | | | |
|---|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652711/2022   PATTERSON BELKNAP WEBB & TYLER LLP vs. MARCUS & CINELLI LLP ET AL**          **Page 7 of 7**
**Motion No.  017**

7 of 7